IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Edgar Ramirez,            Case No. 3:14CV323

      Petitioner

   v.            **ORDER**

Warden, Ross Correctional Institution,

      Respondent

This is a state prisoner's habeas case under 28 U.S.C. § 2254.

In 2011, a jury in the Common Pleas Court of Lucas County, Ohio convicted the petitioner, Edgar Ramirez, of complicity to commit aggravated robbery and felonious assault, but acquitted him of complicity to commit attempted murder. The evidence showed that Ramirez, his codefendant Jorge Rojas, and others had robbed two gas stations and a bank in Toledo.

The trial court sentenced Ramirez to fifty-nine years of imprisonment.

The Ohio Court of Appeals, Sixth District, affirmed the convictions and, in large part, the sentence. *State v. Ramirez*, 2013-Ohio-843 (Ohio App.). The Ohio Supreme Court declined to review the case. *State v. Ramirez*, 136 Ohio St. 3d 1405 (2013) (table).

Ramirez filed an application to reopen his direct appeal. The state appellate court denied the application, and Ramirez did not appeal to the Ohio Supreme Court.

Ramirez then filed the present habeas action.

Pending is Magistrate Judge Burke's Report and Recommendation (Doc. 17), which concluded that Ramirez's claims are noncognizable, procedurally defaulted, or meritless. Ramirez has filed an objection to the Magistrate Judge's disposition of five of his seven claims. (Doc. 20).

For the following reasons, I overrule the objection, adopt in part and reject in part the R&R, and deny the petition for habeas relief.

## Discussion

I must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). I may also "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

I presume the reader's familiarity with the background of this case, as set forth in Magistrate Judge's Burke's comprehensive R&R, and proceed directly to Ramirez's objections.

### A. Claim One: Sufficiency of the Evidence

The Magistrate Judge, assuming without deciding that Ramirez had not procedurally defaulted his sufficiency-of-the-evidence claim, determined that the claim lacked merit under 28 U.S.C. § 2254(d). (Doc. 17 at 15–19).

Ramirez objects that the evidence was insufficient because Raul Moya, one of Ramirez's accomplices who struck a deal with prosecutors and testified against him, "falsified his testimony." (Doc. 20 at 4).

I do not reach this argument because Ramirez defaulted his sufficiency claim.

Ramirez did not raise that claim in the state appellate court on direct appeal; instead, he argued that his convictions were against the manifest weight of the evidence. (Doc. 13–2 at 59–62);

*see Brown v. Moore*, 2008 WL 4239160, *8 (S.D. Ohio) (distinguishing between cognizable sufficiency claims and noncognizable manifest-weight claims).

To be sure, Ramirez tried to present this claim to the appellate court via a pro se "Motion for Leave to Intervene with Additional Errors." (Doc. 13–2 at 94–163). But the state court denied that motion, citing Ohio Supreme Court case law holding that "a defendant has no right to a hybrid form of representation wherein he is represented by counsel, but also acts simultaneously as his own counsel." (*Id.* at 165) (internal brackets, quotation marks, and citation omitted).

Because the state court relied on Ohio's "no hybrid representation" rule when it refused to consider Ramirez's sufficiency claim, that claim is procedurally defaulted. *Starks v. Sheldon*, 2013 WL 3992592, *4–5 (N.D. Ohio) (Gwin, J.); *cf. Hill v. Carlton*, 399 F. App'x 38, 43–46 (6th Cir. 2010) (concluding that Tennessee's no-hybrid-representation rule was an adequate and independent state-law ground of decision).

Finally, there are no grounds to excuse this default.

While Ramirez argued in his application to reopen that appellate counsel was ineffective for not raising the sufficiency claim, Ramirez did not appeal from the Court of Appeals's denial of that application. Because Martinez failed to present the appellate-counsel claim to the Ohio Supreme Court during reopening proceedings, that claim is itself defaulted and cannot excuse another procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

In the course of resolving another of Ramirez's claims, the Magistrate Judge determined that Ramirez had not defaulted his ineffective-assistance-of-appellate-counsel claim, and that the claim was available to satisfy the cause-and-prejudice test. (Doc. 17 at 24).

The Magistrate Judge recognized that Ramirez had not appealed the denial of his application to reopen his direct appeal. But the Magistrate Judge, relying on *Bennett v. Warden, Lebanon Corr. Inst.*, 782 F. Supp. 2d 466, 491–92 (S.D. Ohio 2011), determined that Ramirez had not defaulted the appellate-counsel claim because "he did separately raise ineffective assistance of appellate counsel in his direct appeal to the Supreme Court of Ohio." (*Id.* at 31).

I disagree that this was sufficient to preserve the appellate-counsel claim.

Ordinarily, a habeas petitioner preserves a claim for habeas review by presenting it during "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Under Ohio law, the proper mechanism for litigating an ineffective-assistance-of-appellate-counsel claim is a Rule 26(B) application to reopen the direct appeal. As the Ohio Supreme Court explained in *State v. Davis*, 119 Ohio St. 3d 422, 426–27 (2008):

> The provisions of App. R. 26(B) were specifically designed to provide for a specialized type of postconviction process. The rule was designed to offer defendants a separate collateral opportunity to raise ineffective-appellate-counsel claims beyond the opportunities that exist through traditional motions for reconsideration and discretionary appeals to our court or the Supreme Court of the United States.
>
> The clear intent of App. R. 26(B) is for the appellate court to function as the trier of fact in determining whether the defendant has demonstrated a genuine issue as to the ineffectiveness of his appellate counsel.

Ramirez invoked this process, but did not appeal to the Ohio Supreme Court after the state appellate rejected his application to reopen. He thus failed to present his appellate-counsel claim during a complete round of Ohio's established process for reviewing such claims.

That Ramirez raised his appellate-counsel claim in his petition asking the Ohio Supreme Court to grant discretionary review in his direct appeal did not, in my view, preserve the claim.

4

For one thing, "[t]he Supreme Court will not ordinarily consider a claim of error that was not raised in any way in the Court of Appeals and was not considered or decided by that court." *State v. Williams*, 51 Ohio St. 3d 112, syll. ¶2 (1977), *judgment vacated on other grounds by Williams v. Ohio*, 438 U.S. 911 (1978).

By definition, the Ohio Court of Appeals hearing a case on direct appeal will almost never have the opportunity to weigh in on a claim that appellate counsel was ineffective. Given that fact, and the Ohio Supreme Court's status as a court of review, rather than "first view," debuting an ineffective-assistance-of-appellate-counsel claim in a petition seeking the Ohio Supreme Court's discretionary review does not give that court a practical or fair opportunity to resolve such a claim.

For another, a contrary ruling creates an incentive for habeas petitioners to avoid Rule 26(B) proceedings and channel their appellate-counsel claims into petitions for discretionary review on direct appeal.

By going that route, the petitioner can preserve the appellate-counsel claim and, in all likelihood – given the very low odds that the Ohio Supreme Court would grant discretionary review to hear an ineffective-assistance-of-appellate-counsel claim – avoid a merits adjudication in state court, thereby avoiding, in turn, the relitigation bar in § 2254(d)).

Finally, and regardless of the validity of these concerns, the Sixth Circuit held in *Goldberg v. Maloney*, 692 F.3d 534, 538 (6th Cir. 2012), that "raising a claim for ineffective assistance of appellate counsel in a discretionary appeal to the Ohio Supreme Court, without addressing the claim through Ohio Appellate Rule 26(B), does not satisfy the exhaustion requirement unless the Ohio Supreme Court addresses the issue on the merits."

For all these reasons, I reject the Magistrate Judge's recommendation that Ramirez did not default his ineffective-assistance-of-appellate-counsel claim. That claim is defaulted, and it may not serve as cause-and-prejudice to excuse any of Ramirez's procedural defaults.

### B. Claim Two: Disproportionate Sentence

Ramirez's second claim is that his fifty-nine-year sentence was "disproportionate" to the outcomes in the cases of three of his accomplices: Moya (whom prosecutors did not charge and who testified against Ramirez and Rojas)); Javier Garcia (two-year sentence after pleading guilty); and Martin Cheno (thirteen-year sentence after pleading guilty). *Ramirez*, *supra*, 2013-Ohio-843, at ¶18.

The Magistrate Judge assumed without deciding that Ramirez preserved this claim for habeas review, but held that it was noncognizable. "No matter how Ramirez attempts to frame the issue," the Magistrate Judge concluded, "he is asking this federal habeas Court to rule on an issue of state law, i.e., imposition of sentence based on state law." (Doc. 17 at 20).

Ramirez objects that his claim is cognizable, given that the disparity in sentencing "violates due process" and deprived him of "fundamental fairness." (Doc. 20 at 11).

I conclude, however, that Ramirez defaulted this claim for the same reason he defaulted his sufficiency claim: he did not raise it in the Court of Appeals, and that court refused, on the basis of Ohio's no-hybrid-representation rule, to let Ramirez file a pro se brief raising that claim. And, as already discussed, his appellate-counsel claim cannot excuse this default.

In any event, even assuming the claim were preserved and cognizable, it would fail on the merits.

First, "comparative proportionality is not mandated by the Constitution." *U.S. v. Layne*, 324 F.3d 464, 474 (6th Cir. 2003). "[T]he mere disparity of a sentence even among co-defendants does

6

not in and of itself suggest that one defendant has been arbitrarily singled out for a more severe punishment than that normally imposed upon similarly situated defendants." *Ossman v. Erwin*, 2007 WL 2110494, *5 (S.D. Ohio).

Second, the key difference among the perpetrators – and a difference Ramirez simply ignores – is that Moya, Garcia, and Cheno all cooperated with prosecutors, whether by testifying against him or pleading guilty. They were thus not "similarly situated" to Ramirez, who declined a plea deal, and do not provide valid points of comparison for judging whether Ramirez's sentence was "disproportionate."

The relevant comparison, it seems to me, would be with Rojas. Like Ramirez, Rojas went to trial, but the jury convicted him of an additional aggravated robbery. He received a seventy-one-year sentence. *Ramirez*, *supra*, 2013-Ohio-843, at ¶18. Nothing in that disparity offends the Constitution.

For all these reasons, Ramirez is not entitled to relief on his disproportionate-sentencing claim.

### C. Claim Four: Failure to Sever Ramirez and Rojas's Trial

The Magistrate Judge ruled that Ramirez defaulted his claim that the trial court should have severed his and Rojas's trial. (Doc. 17 at 30–31). She also concluded that appellate counsel was not ineffective for failing to raise that claim on direct appeal, and thus that Ramirez could not excuse the default based on appellate counsel's ineffectiveness. (*Id.* at 31–33).

Ramirez objects that the trial court's failure to grant a severance was prejudicial, and that, had appellate counsel raised the severance claim on direct appeal, there was a reasonable probability of a different result. (Doc. 20 at 12–13).

7

I concur in the Magistrate Judge's procedural-default ruling, though for a different reason – namely, that the appellate-counsel claim is not preserved for habeas review.

Finally, even assuming the appellate-counsel claim is not defaulted, the Magistrate Judge correctly determined that Ramirez has not satisfied the prejudice prong of *Strickland v. Washington*, 466 U.S. 668 (1984).

Ramirez contends that his and Rojas's defenses were mutually antagonistic, warranting a severance. According to Ramirez, the antagonism stemmed from Raul Moya's testimony that Moya was "involved in a case about shooting at a Toledo Police Officer. This testimony was irrelevant to the case at bar and was only elicited because Rojas was also alleged to be involved in that case . . . The State of Ohio elicited this evidence from Moya under the guise that it was to test Moya's credibility." (Doc. 12 at 14).

Neither the law nor the record supports Ramirez's claim.

First, whether to grant a severance is a question that a court often, but not always, answers *ex ante*, before the trial begins. To answer the question appropriately, the court must have some idea of: 1) the criminal conduct in which the defendants were allegedly involved; 2) the nature of their respective defenses; and 3) what evidence, if any, there is that may fairly come in against one defendant, to the substantial prejudice of the other.

But Ramirez points to nothing of that nature that would have indicated to the court, before trial or even during it, that a severance was in order.

Second, it was Ramirez's own lawyer, not the prosecutor, who opened the door to the complained-of testimony.

Counsel sought to impeach Moya with prior testimony that Moya had given about the events of July 18, 2010, a date on which Moya, Rojas, and others – but not Ramirez – had committed a separate robbery and fired a gun at a police officer. (Doc. 13–3 at 271–75). The court expressed serious doubt that there was anything impeaching in the transcript (*id.* at 275–78), and urged Ramirez's lawyer not to open the door to testimony about the events of July 18 (*id.* at 277). The prosecutor, too, argued the events of July 18 were irrelevant to the charges against Ramirez. (*Id.* at 272–73).

Nevertheless, Ramirez's counsel persisted (as did Rojas's attorney) in inquiring into those events.

On redirect examination, the prosecutor elicited the fact that Moya and Rojas committed a robbery on the 18th and fired a shotgun at a police officer. (*Id.* at 304, 306–07).[1] Rojas's attorney objected, but the court ruled that "the door has been opened for the issues relating to July 18th." (*Id.* at 306).

Because Ramirez opened the door to the complained-of evidence for tactical reasons, there is no basis for him to complain that, in light of the ensuing testimony, the trial court had to grant a severance sua sponte (as Ramirez's attorney did not request one).

Accordingly, he cannot show that appellate counsel's failure to raise a severance claim was prejudicial, and, perforce, there is no basis to excuse his default.

---

[1] The jury convicted Ramirez for robberies that occurred on June 15, June 27, and July 7, 2010. *Ramirez*, *supra*, 2013-Ohio-843, at ¶¶3–4.

### D. Claim Five: Ineffective Assistance of Trial Counsel

The Magistrate Judge ruled that Ramirez defaulted his ineffective-assistance-of-trial-counsel claim by failing to raise it during one complete round of state-court review. (Doc. 17 at 34–36). Ramirez objects, but he does not offer a meaningful basis for overcoming the procedural-default ruling. (Doc. 20 at 13–14).

I concur in the Magistrate Judge's procedural-default ruling, with the caveat that the appellate-counsel claim predicated on the failure to raise trial counsel's ineffectiveness is not preserved for habeas review.

### E. Claim Six: Ineffective Assistance of Appellate Counsel

The Magistrate Judge rejected this claim on the merits, holding that the state appellate court's reasonable rejection of it precluded habeas relief. (Doc. 17 at 37–38). Ramirez objects that, because his "underlying constitutional claims have merit," his appellate counsel claim likewise has merit. (Doc. 20 at 14).

Ramirez fails to persuade me that the Magistrate Judge erred in denying this claim on the merits, especially given the "doubly deferential" standard that applies to *Strickland* claims on habeas review. *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011). And, as I have already explained, the appellate-counsel claim is procedurally defaulted.

**Conclusion**

It is, therefore

ORDERED THAT:

1. Ramirez's objection (Doc. 20) be, and the same hereby is, overruled;

2. The Magistrate Judge's Report and Recommendation (Doc. 17) be, and the same hereby is, adopted in part and rejected in part;

3. The petition for a writ of habeas corpus (Doc. 1) be, and the same hereby is, denied;

4. No certificate of appealability will issue; and

5. In accordance with 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith and shall not be allowed absent pre-payment of the filing fee.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge